UNITED STATES DISTRICT COURT                    JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-09019-RGK | Date | February 3, 2026 |
|---|---|---|---|
| Title | *In re. Maria Elizabeth Montero Leon* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**      **(IN CHAMBERS) Order Re: Plaintiff's Motion for Withdrawal of Reference from U.S. Bankruptcy Court [DE 1]**

## I.      INTRODUCTION AND BACKGROUND

In December 2023, Maria Elizabeth Montero Leon ("Defendant") filed a Chapter 11 Petition in the United States Bankruptcy Court for the Central District of California. On November 4, 2024, as a part of the bankruptcy proceedings, 631 N. Hillcrest Road, Beverly Hills, CA 90210 ("Hillcrest Property") was sold. Guillermo Montero ("Plaintiff") has since asserted a community property interest in the Hillcrest Property proceeds. On July 9, 2025, Plaintiff commenced an adversary proceeding ("Adversary Proceeding") against Defendant, alleging Defendant committed fraud and a violation of fiduciary duties. (*Montero v. Leon*, Case No. 2:25-ap-01308-WB (Bankr. C.D. Cal.).) On November 7, 2025, the bankruptcy court dismissed the Adversary Proceeding. (*Id.*, ECF No. 17.)

Presently before the Court is Plaintiff's Motion for Withdrawal of Reference as to the Adversary Proceeding ("Motion"). (ECF No. 1.) For the following reasons, the Court **DENIES** Plaintiff's Motion **as moot**.

## II.      JUDICIAL STANDARD

While district courts have original jurisdiction over "all civil proceedings" arising under the Bankruptcy Code and cases "related to cases" under the Bankruptcy Code, the jurisdiction is not exclusive. 28 U.S.C. §§ 157(a), 1334(a)–(b). A district court may refer these proceedings to a bankruptcy judge, and in the Central District of California, all such proceedings are automatically referred to bankruptcy judges. 28 U.S.C. § 157(a); *see also* C.D. Cal. General Order 13-05.

In certain circumstances, however, the automatic reference may be withdrawn, whereafter the case would proceed in the district court. Under 28 U.S.C. § 157(d), withdrawal is either mandatory or permissive. However, when an adversary proceeding is dismissed, a motion to withdraw reference from that same adversary proceeding is mooted. *See In re Lear Corp.*, 418 B.R. 47, 48 (S.D.N.Y. 2009) ("[A]

UNITED STATES DISTRICT COURT                                    JS6
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-09019-RGK | Date | February 3, 2026 |
|---|---|---|---|
| Title | *In re. Maria Elizabeth Montero Leon* | | |

bankruptcy court order dismissing an adversary proceeding moots a motion to withdraw reference pursuant to § 157(d).).

### III.    DISCUSSION

Because the bankruptcy court dismissed the adversary proceeding, the Court cannot grant the requested relief for withdrawal of reference as there is no adversary proceeding to withdraw. Accordingly, the motion to withdraw reference is moot. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996) (internal quotations omitted) ("[A federal action] should . . . be dismissed as moot when, by virtue of an intervening event, a [federal court] cannot grant any effectual relief whatever in favor of the [party seeking relief].").

### IV.    CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's Motion to Withdraw Reference as **moot**. The Clerk shall close this case.


**IT IS SO ORDERED.**


_____ : _____

Initials of Preparer              JRE/sh